IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WALTER COLUMBUS SIMMONS,        )
                                )
            Plaintiff,           )
                                )
       v.                        )     1:13CV451
                                )
RICKY BOWMAN, et al.,            )
                                )
            Defendant(s).        )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Walter Columbus Simmons, a frequent pro se litigator in this Court, submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names Ricky Bowman, a prosecutor in Surry County, North Carolina, as well as Surry County itself as defendants in the case. In the factual section of his Complaint, Plaintiff alleges that he was driving, had an accident with another vehicle, and then traveled a short distance to call 911. He later spoke to a State Trooper who responded. Plaintiff took the Trooper to the accident scene, admitted that he had been driving, and admitted that he had been drinking. The Trooper administered an alcohol breath test, but it did not function correctly. Plaintiff then submitted to a blood test before being placed under arrest. Plaintiff now complains that he has not heard the results of his blood test. Based on this, he concludes that there were no grounds

to arrest or hold him. (Docket Entry 2, § V.) He asks that all charges be dropped and that he be paid for his mental suffering and the time he has spent in jail. (Id., § VI.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative defenses that clearly appear on the

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, (continued...)

face of the complaint. Nasim, 64 F.3d at 955; Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

Plaintiff names two defendants in the case. One is Surry County. As the Court previously advised Plaintiff, Surry County is not a proper defendant. See Simmons v. Surry County, No. 1:13CV358, Docket No. 2 (M.D.N.C. May 7, 2013); Simmons v. Surry County,

---

[1](...continued)
556 U.S. at 697, respectively)).

No. 1:13CV361, Docket No. 3 (M.D.N.C. May 7, 2013). Nevertheless, he frivolously persists in naming the County rather than naming the persons that he alleges violated his rights as defendants. More importantly, all of Plaintiff's allegations pertain to a State Trooper who is not a defendant. None involve Surry County or even any of its employees. Plaintiff states no claim for relief as to Surry County.

Plaintiff also names Ricky Bowman, a prosecutor, as the other defendant in the case. However, Plaintiff actually makes no allegation whatsoever against Bowman. Further, to any extent that Bowman is connected to Plaintiff's criminal case in the state courts, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Plaintiff does request injunctive relief, relief which may not be barred by such immunity, but he has not requested a proper injunction. Plaintiff asks for this Court to order that his charges be dropped. As he was informed in a previous lawsuit, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 after all state remedies have been exhausted, not a lawsuit under § 1983, is the proper method for challenging pretrial detention. See Simmons v. Jones, No. 1:13CV265, Docket No. 3 (M.D.N.C. April 12, 2013) (unpublished recommendation citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973)), recommendation adopted, Docket No. 5 (M.D.N.C. May 20, 2013) (unpublished). Further, it is not ordinarily proper for this Court to intervene in ongoing state criminal proceedings in any event. Id. (citing Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996); Henderson v. Houston, Civil

-5-

Case 1:13-cv-00451-WO-JLW Document 3 Filed 07/12/13 Page 5 of 7

Action No. 3:1-CV-161, 2011 WL 5325527, at *2 (M.D. Ga. Nov. 3, 2011) (unpublished)). Nothing in the present Complaint indicates that such intervention would be remotely proper. If Plaintiff has problems with the evidence against him in state court, he should litigate those issues in the criminal proceedings in the state courts. Plaintiff does not state any claim for injunctive relief under § 1983, but instead continues to file the same claims after having been told that they are not proper. Again, this is frivolous conduct and his Complaint, which does not state any claim for relief, should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $13.33. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $13.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of August,

2013, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against a defendant who is immune from such relief.

This, the 11th day of July, 2013.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

-7-

Case 1:13-cv-00451-WO-JLW Document 3 Filed 07/12/13 Page 7 of 7